IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TITUS HENDERSON,

                Plaintiff,

v.

TEXTBEHIND, TEXTBEHIND CEO & COO,
SARAH COOPER, KEVIN CARR, DYLON RADTKE,
CAPT. CUSHING, JOHN KIND,
CAPT. SWEITOWKOWSKI, SGT. REIGNEIR,
SGT. GREEN, SGT. STINKE, SGT. ELSINGER,
SGT. WALTON, HAINES, HOFMAN, A. WICKMAN,
and POSTMASTER GENERAL,

                Defendants.

ORDER

23-cv-2-jdp

---

    Plaintiff Titus Henderson filed this lawsuit contending that prison officials violated his constitutional rights by contracting with a private company to process all incoming mail instead of having prisoners receive that mail directly. I denied Henderson's motion to reopen the case for issues regarding his failure to submit an initial partial payment of the filing fee, concluding that Henderson was ineligible for in forma pauperis status after accumulating three strikes under 28 U.S.C. § 1915(g) by bringing lawsuits or appeals that were dismissed because they were frivolous or malicious or they failed to state a claim upon which relief may be granted. Dkt. 22.

    Henderson has filed a motion for reconsideration of that order, stating that he is not actually a three striker because the court of appeals has rescinded strikes that he received in *Henderson v. Wall*, No. 19-cv-748 (E.D. Wis. Dec. 26, 2019) and its appeal, *Henderson v. Wall*, No. 20-1455 (7th Cir. Nov. 3, 2021). Dkt. 23. Henderson suggests that the strikes were

rescinded because the '748 case was dismissed by a magistrate judge without the authority to do so.

The documents that Henderson submits in support of his request do not state that the strikes have been rescinded, and my review of Henderson's cases confirms that they have not been rescinded. In the appeal of the '748 case, the court of appeals did not conclude that the magistrate judge lacked authority to dismiss the case. Rather, it concluded that it was error for the court to include the strike in the judgment itself. *Henderson*, No. 20-1455, 2021 WL 5102915, at *2 (citing *Hill v. Madison Cnty., Illinois*, 983 F.3d 904, 906 (7th Cir. 2020) ("[W]e have understood § 1915(g) to leave the effective decision [about strikes] to a later tribunal. Thus the district court exceeded its statutory authority by treating a 'strike' as part of the judgment.)). The judgment in Henderson's case was modified "to remove the language about the strike." *Id.* But the court of appeals explicitly noted that "the magistrate judge was correct to note a strike upon dismissing for failure to state a claim, one of the grounds for a strike under § 1915(g)." *Id.* And it told him that he "has earned an additional strike for this appeal." *Id.*

Cases like *Hill* make clear that it is ultimately this court's job to determine whether Henderson is barred from proceeding in forma pauperis because he has three strikes. I have already determined that Henderson's three cases listed above were dismissed appropriately for reasons articulated in § 1915(g) and so he indeed has three strikes. I will deny his motion for reconsideration, and this case will remain closed.

2

ORDER

IT IS ORDERED that plaintiff Titus Henderson's motion for reconsideration, Dkt. 23, is DENIED.

Entered December 12, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge